MOUNTENAY, J.,
— This matter comes before the court on appeal from a decision of the Zoning Hearing Board of Trumbauersville Borough. Mary Jane Stump, the tax collector for Trumbauersville Borough, applied for a zoning permit to engage in the collection of taxes at her residence as a home occupation. Since the applicable zoning ordinance permits home occupations only by special exception in the zoning district in question (low density residence district), the permit was refused, and Mrs. Stump made application for a special exception.
In performing its duties, the zoning hearing board faded to comply with the requirements of the Pennsylvania Municipalities Planning Code of July 31, 1968 (No. 247) 53 PS §10101, et seq. In the first place, the board failed to keep a record of the proceedings, either stenographically or by sound recording, as required by section 908(7) of the code, 53 PS §10908. Secondly, subsection (9) of the same section requires that every decision of the board “be accompanied by findings of fact and conclusions based thereon together with the reasons therefor.” The board’s decision took the form of a resolution which included certain language which might be construed as constituting “conclusions.” Be that as it may, the resolution totally lacks any findings of fact. However, since the question raised by this appeal, i.e., whether tax collecting can be a home occupation under the zoning ordinance, constitutes a question of law, the governing principles can be laid down by the court without the benefit of a complete record. Nevertheless, for the reasons hereinafter set forth, it will be *617 necessary that the matter be remanded to the board for findings of fact. In any event, it should be understood that the court does not condone the board’s failure to comply with the aforementioned procedural requirements of the code.
The zoning hearing board decided that tax collecting did constitute a home occupation and accordingly allowed the special exception subject to the standards and conditions applicable to home occupations as set forth in the ordinance. Appellant challenges this decision.
Home occupations are included among the accessory uses permitted in low density residential districts by special exception. In this connection, section 470-40 of the zoning ordinance reads, in part, as follows:
“Customary home occupation that is customarily carried on in a dwelling unit or in a building or other structure accessory to a dwelling unit and clearly incidental and secondary to the use of the dwelling for residential purposes, subject to all the requirements of this Ordinance and in accordance to the following provisions: . . .
“In particular, a Home Occupation includes, but is not limited to the following: art studio, professional office of a physician, dentist, business office, or accountant within a dwelling occupied by the same. Teaching of not more than four (4) pupils simultaneously, or in the case of musical instruction not more than a single pupil at a time.
“However, among the uses that shall not be interpreted to be a Home Occupation are the following: animal hospital, barber shops and beauty parlors; commercial stables and kennels, funeral parlors or undertaking establishment, antique shop; and restaurants.” (italics supplied)
*618 Appellant takes the position that collecting taxes in one’s home constitutes the operation of a “governmental office.” He argues that since the term “governmental office” is mentioned elsewhere in the ordinance but is not specifically included among the illustrations of home occupations set forth in section 470-40, such a function is necessarily prohibited as a home occupation. Whether or not the collecting of taxes in one’s home constitutes the operation of a governmental office, a question which we do not decide, the language upon which appellant relies does not bear out his position.
Appellant’s argument completely ignores the words “includes, but is not limited to.” It is a basic principle of statutory construction that every law shall be construed to give effect to all its provisions: The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551. This principle applies not only to acts of assembly but also to ordinances: Fidler v. Zoning Board of Adjustment, 408 Pa. 260 (1962). If any effect is to be given to the language quoted above, the term “Home Occupation” cannot be confined in its application to the illustrations set forth in section 470-40.
Appellant also argues that a governmental office cannot be recognized as a home occupation because the second last paragraph of section 470-40 fails specifically to include governmental offices. It should be noted, however, that by the same token, the last paragraph of section 470-40, in prohibiting certain home occupations, fails specifically to exclude governmental offices. This, we believe, negatives appellant’s argument.
While not specifically raised in appellant’s brief, another issue should be clarified. In submitting its advisory opinion to the zoning hearing board under *619 the provisions of section 1032(4) of the zoning ordinance, the borough planning commission advised the board that governmental offices were prohibited in low density residence districts under the provisions of section 470-22 of the zoning ordinance and that since, in the opinion of the planning commission, the proposed activity constituted the conduct of a governmental office, the application required rejection. This advisory opinion of the planning commission overlooked the fact that section 470-22 deals only with principal uses and not with accessory uses. For example, section 470-22 also prohibits professional offices generally in the subject zoning district, but section 470-40, quoted above, specifically permits the professional office of a physician or dentist as a home occupation by special exception. Thus, while it is true that the conduct of a governmental office is prohibited as a principal use under the general use provisions of the ordinance, this does not necessarily require the conclusion that this activity is prohibited as an accessory use under section 470-40 pertaining to home occupations.
In view of the foregoing, the zoning hearing board did not commit an error of law in concluding that tax collecting might constitute a home occupation. Nevertheless, the board failed to make the necessary findings of fact as required by section 908(9) of the Pennsylvania Municipalities Planning Code, supra. In the first place, before granting the application, the board must find as a fact that appellant’s proposed activity of collecting taxes in her residence is an activity which, in the language of section 470-40 of the ordinance “is customarily carried on in a dwelling unit . . . and is clearly incidental and secondary to the use of the dwelling for residential purposes.” Section 470-40 also enumerates certain standards *620 which must be met, as does section 1032(3), and the board should make findings of fact with respect to appellant’s compliance or noncompliance with each of these standards based upon evidence submitted at the hearing on the application. Accordingly, the matter must be remanded.
ORDER
And now, March 3, 1971, the above matter is remanded to the zoning hearing board for further proceedings not inconsistent with this opinion.